No. 25-6295

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

Daniel Jackson

        Plaintiff - Appellant,

v.

D. Dameron, et al.

        Defendants - Appellees.

On Appeal from the U.S. District Court
for the Western District of Virginia
No. 7:22-CV-90, U.S. Magistrate Judge C. Kailani Memmer

**REPLY BRIEF**

Samuel Weiss
RIGHTS BEHIND BARS
1800 M Street NW Front 1 #33821
Washington, DC 20001
202-455-4399
sam@rightsbehindbars.org

*Counsel for Plaintiff-Appellant*

# TABLE OF CONTENTS

ARGUMENT ..................................................................................................1

   I.    Whether Jackson Stated a Claim Under the ADA Is Properly Before This Court. ........................................................................................................................1

   II.   Jackson Sued the Proper Defendants for his ADA claim. .............................3

   III.   Jackson Did Not Fail to Preserve His Appellate Arguments.......................6

CONCLUSION .................................................................................................7

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

**Cases**

*Amos v. Maryland Dep't of Pub. Safety & Corr. Servs.*, 126 F.3d 589 (4th Cir. 1997) ................................................................................................................5

*Baird ex rel. Baird v. Rose*, 192 F.3d 462 (4th Cir. 1999) ........................................4

*Beaudett v. City of Hampton*, 775 F.2d 1274 (4th Cir. 1985) ..................................1

*Biggs v. Meadows*, 66 F.3d 56 (4th Cir. 1995)........................................................4

*Brown v. Meisner*, 81 F.4th 706 (7th Cir. 2023) ......................................................4

*Class v. Lumpkin*, No. 21-20560, 2023 WL 4763334 (5th Cir. July 26, 2023) ........4

*Fauconier v. Clarke*, 966 F.3d 265 (4th Cir. 2020) .................................................4

*Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978) .....................................................5

*Hall v. Higgins*, 77 F.4th 1171 (8th Cir. 2023) ........................................................4

*Johnson v. City of Shelby, Miss.*, 574 U.S. 10 (2014) ..............................................3

*Kentucky v. Graham*, 473 U.S. 159 (1985) .............................................................4

*Pritchard v. Wal Mart Stores, Inc.*, 3 F. App'x 52 (4th Cir. 2001)...........................6

*Shaw v. Foreman*, 59 F.4th 121 (4th Cir. 2023).......................................................1

# ARGUMENT

## I. Whether Jackson Stated a Claim Under the ADA Is Properly Before This Court.

Jackson argued in his opening brief that the district court erred in failing to construe an Americans with Disabilities Act (ADA) claim out of his initial *pro se* allegations. Op. Br. 6–10. As quoted therein, this Court wrote in 2023 that when a *pro se* complaint "implicates a civil rights interest," this Court "must be especially solicitous of the wrongs alleged and must not dismiss the complaint unless it appears to a certainty that the plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged." *Shaw v. Foreman*, 59 F.4th 121, 127 (4th Cir. 2023). Jackson's allegations plainly meet such an exceptionally forgiving standard. Op. Br. 6–10.

Defendants are correct that judges are "not like pigs, hunting for truffles." Ans. Br. 7 (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)). The expansive language of *Shaw* must have some limit, and courts are not obligated to compare every scrap of a *pro se* complaint to a casebook of causes of action. "[T]hey cannot be expected to construct full blown claims from sentence fragments." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Jackson, however, seeks nothing of the kind. His complaint was straightforward. He alleged eight paragraphs of facts across three claims in two pages. JA 9–10. The first paragraph alleged that he suffered pain in his knee and

1

required accommodations, which he received. JA9. His second paragraph alleged that upon his transfer to August Correctional Center, prison staff took these accommodations taken away for no reason. JA9. Staff also placed him up two flights of stairs which caused him pain when he attempted to access prison services, i.e. medicine and food. *Id.* His third paragraph alleged that he needed an accommodation to access a prison service—work—and the prison denied him the accommodation for no reason. *Id.* In his fourth paragraph, he alleged that he lost his job because of the prison's failure to accommodate his impairment, which cost him his prison wages. *Id.* As explained in Jackson's opening brief, his first two claims and four paragraphs (the first half of his allegations) are paradigmatic disability law claims.

Defendants argue that Jackson nonetheless extends liberal construction of a pro se complaint too far because Jackson's ADA claim is an "entirely separate type[] of cause[] of action from Jackson's deliberate indifference" claim. Ans. Br. 15. This ignores that Jackson's initial complaint did not cite any cause of action, nor did it use the phrase "deliberate indifference." JA9–10. It simply listed factual allegations, some suggesting deliberate indifference claim but many others suggesting a failure to accommodate a disability. Defendants' argument that Jackson has on appeal "invented" a new cause of action, Ans. Br. 12, ignores that the district court "invented" his deliberate indifference claim in its screening order and, indeed, this was what the district court was supposed to do—examine "any legal theory which

might plausibly be suggested by the facts alleged." *Shaw*, 59 F.4th at 127. The court's error was in ignoring Jackson's most plausible claim.

This Court and the U.S. Supreme Court's precedent directly contradict Defendants' argument that district courts may not infer separate causes of action—or "separate types" of them—from a *pro se* complaint's facts. *See Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 11 (2014). As quoted in Jackson's opening brief, plaintiffs have done their job when they have "stated simply, concisely, and directly events that, they alleged, entitled them to damages." *Id.* "Having informed [a defendant] of the factual basis for their complaint, they were required to do no more to stave off threshold dismissal for want of an adequate statement of their claim." *Id.* Defendants distinguish *Johnson* on the facts but their argument is inconsistent with its plain holding—the plaintiff is obligated to plead the right facts, not the right law. Jackson did so.[1]

## II. Jackson Sued the Proper Defendants for his ADA claim.

Defendants argue that this Court should affirm on the basis that Jackson failed to name proper Defendants for purposes of his ADA claim. Ans. Br. 18. They are incorrect. Jackson's initial *pro se* complaint sued proper defendants for two independent reasons.

---

[1] Much of Jackson's opening brief argued the merits of Jackson's initial complaint under the ADA. Op. Br. 10–15. Defendants do not contest that, if the claim is properly before this Court, Jackson states a claim.

3

First, Dr. Smith and Nurse Cameron are themselves proper defendants in their official capacities. Official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985). Thus, "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* This Court and its sister circuits routinely entertain Title II cases in which the defendant is an individual who, through an official-capacity suit, is standing in for the public entity. *See Fauconier v. Clarke*, 966 F.3d 265, 279 (4th Cir. 2020); *Baird ex rel. Baird v. Rose*, 192 F.3d 462, 473 (4th Cir. 1999); *Hall v. Higgins*, 77 F.4th 1171, 1177 (8th Cir. 2023); *Brown v. Meisner*, 81 F.4th 706, 710 (7th Cir. 2023); *Class v. Lumpkin*, No. 21-20560, 2023 WL 4763334, at *2 (5th Cir. July 26, 2023).

Defendants argue that "neither Dr. Smith nor Nurse Dameron are proper defendants for an ADA claim because the ADA does not permit civil actions for damages against persons sued in their individual capacities." Ans. Br. 18. This would be true if, in fact, Jackson sued them in their individual capacities. He did not. Operating *pro se*, he did not specify whether he was suing them in their individual or official capacities. JA 7–11. In such a circumstance, this Court "must examine the nature of the plaintiff's claims, the relief sought, and the course of proceedings to determine whether a state official is being sued in a personal capacity" or an official one. *Biggs v. Meadows*, 66 F.3d 56, 61 (4th Cir. 1995); *see also Amos v. Maryland*

4

*Dep't of Pub. Safety & Corr. Servs.*, 126 F.3d 589, 609 (4th Cir. 1997) (applying *Biggs* to an ADA claim although limiting it to *pro se* complaints that do not specify capacity, such as Jackson's). As *Biggs* and *Meadows* demonstrate, a damages constitutional claim against an individual government defendant must be an individual-capacity, one and a damages disability law claim against an individual government defendant must be an official-capacity one. *Biggs*, 66 F.3d at 61; *Amos*, 126 F.3d at 609. Analyzing Jackson's initial *pro se* complaint, the nature of the claims is clear: his ADA claims are against Defendants in their official capacities and his deliberate indifference claims are against them in their individual capacities. Jackson therefore named official-capacity defendants in a suit that was "in all respects other than name, to be treated as a suit against the entity." *Graham*, 473 U.S. at 165–66.

There is a second reason that this Court should not affirm on the grounds that Jackson failed to name the correct defendants: Jackson also named a government entity, the August Correctional Center's Medical Department. JA8. Defendants argue that Jackson erred in which government entity he sued; he should have sued the Virginia Department of Corrections rather than the specific facility and unit of VDOC. Ans. Br. 19. Even if true, this is the sort of trivial error in a *pro se* complaint that merits amendment rather than dismissal. *See Gordon v. Leeke*, 574 F.2d 1147,

1152 (4th Cir. 1978). More importantly, it demonstrates his intent to sue a public entity for damages.

### III. Jackson Did Not Fail to Preserve His Appellate Arguments.

Jackson filed a *pro se* complaint that did not articulate any legal theory. JA9–10. The district court screened his complaint, stating that Jackson's allegations were, and were only, a claim that the individual defendants "acted with deliberate indifference to his serious medical needs in violation of the Eighth Amendment." JA13. The court also dismissed his claim against the public entity he named under 28 U.S.C. § 1915A(b)(1). *Id.*

Defendants make much of the fact that later in his case Jackson described his claim as alleging deliberate indifference and did not attempt to correct the district court's mistake. Ans. Br. 10–12. This all occurred, however, after the district court had already narrowed his claim to his individual-capacity Eighth Amendment claims in its screening order.[2] Jackson was not obligated to file a motion for reconsideration to preserve his claims for appeal. Indeed, this Court has refused to even review motions for reconsideration that "raise[] no new arguments, but merely request[] the

---

[2] Defendants believe that "it is unclear as to which Order Jackson assigns error." Ans. Br. 8. Jackson assigns error to the district court's screening opinion that dismissed the public entity defendant, any official-capacity claims against the individual defendants, and failed to recognize that he stated a claim under the ADA.

6

district court to reconsider a legal issue or to 'change its mind.'" *Pritchard v. Wal Mart Stores, Inc.*, 3 F. App'x 52, 53 (4th Cir. 2001).

## CONCLUSION

This Court should reverse the district court grant of judgment to Defendants and remand for further proceedings.

September 12, 2025　　　　　　　　　　Respectfully submitted,


　　　　　　　　　　　　　　　　　　*/s/ Samuel Weiss*

　　　　　　　　　　　　　　　　　　Samuel Weiss
　　　　　　　　　　　　　　　　　　Rights Behind Bars
　　　　　　　　　　　　　　　　　　1800 M Street NW Front 1
　　　　　　　　　　　　　　　　　　#33821
　　　　　　　　　　　　　　　　　　Washington, DC 20001
　　　　　　　　　　　　　　　　　　202-455-4399
　　　　　　　　　　　　　　　　　　sam@rightsbehindbars.org

# CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(a)(7)(C), I certify that:

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 1,542 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionately spaced typeface using Microsoft Word with a Times New Roman 14-point font.

Date: September 2, 2025

*/s/ Samuel Weiss*
Samuel Weiss
Rights Behind Bars
1800 M St. NW Front 1, #33821
Washington, DC 20033

*Counsel for Plaintiff-Appellant*
*Daniel Jackson*

# CERTIFICATE OF SERVICE

I hereby certify that on September 2, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Fourth Circuit by using the ECF/ACMS system.

Participants in the case who are registered CM/ECF users will be served by the ECF/ACMS system.

Date: September 2, 2025.

*/s/ Samuel Weiss*
Samuel Weiss
Rights Behind Bars
1800 M St. NW Front 1, #33821
Washington, DC 20033

*Counsel for Plaintiff-Appellant
Daniel Jackson*